# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 13-04851-JW |
| | Chapter 13 |
| Richard Thurmond Bowen, Jr. and Gayle Rowland Bowen, | **ORDER DENYING MOTION FOR RELIEF AND CONDITIONING THE AUTOMATIC STAY** |
| Debtor(s). | |

This matter comes before the Court upon the Motion for Relief from Stay ("Motion") filed by U.S. Bank Trust National Association, as Trustee of the Igloo Series II Trust ("U.S. Bank"). Richard Thurmond Bowen, Jr. and Gayle Rowland Bowen ("Debtors") filed an objection to the Motion and a hearing was held on August 16, 2017. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Pursuant to Fed. R. Civ. P. 52, which is made applicable to this contested matter by Fed. R. Bankr. P. 7052, the Court makes the following findings of fact and conclusions of law.[1]

## FINDINGS OF FACT

1. U.S. Bank is the holder of a first mortgage secured by Debtors' residence ("Mortgage").

2. On August 22, 2013, Debtors filed a petition for relief under chapter 13 of the Bankruptcy Code.

3. On October 24, 2013, the Court entered an Order Confirming Chapter 13 Plan. The confirmed chapter 13 plan ("Confirmed Plan") provided that Debtors would cure the pre-petition arrearage on the Mortgage through payments to the Trustee, while maintaining ongoing post-petition payments directly to U.S. Bank.

---

[1] To the extent that the following findings of fact are conclusions of law, they are adopted as such, and vice versa.

4. On July 11, 2017, U.S. Bank filed the Motion, alleging that Debtors had failed to make post-petition direct payments to U.S. Bank in accordance with the Confirmed Plan, and seeking relief from the automatic stay to pursue it state law remedies, including foreclosure. Specifically, the Motion alleges that Debtors owe all payments due after the February 2016 Mortgage payment.

5. U.S. Bank's Certification of Facts, filed with the Motion, indicates that Debtor has $89,395.19 in equity above U.S. Bank's Mortgage.

6. On July 20, 2017, Debtors filed an objection to the Motion, indicating that they are behind on the payments, but that they request an opportunity to apply for a loan modification through the Court's Loss Mitigation/Mortgage Modification ("LM/MM") program.

7. On July 25, 2017, Debtors filed a Notice and Motion for Loss Mitigation/Mediation ("Motion for LM/MM")

8. On August 8, 2017, U.S. Bank filed an objection to the Motion for LM/MM, alleging that Debtors have previously received a loan modification in 2011, and that a new loan modification would likely result in an increased mortgage payment for Debtors.

9. At the hearing, the Court granted the Motion for LM/MM, permitting Debtors to pursue an LM/MM review with U.S. Bank through the undersigned's LM/MM program as provided in Chambers Guidelines.

10. Also at the hearing, Debtors argued that they did not apply for a loan modification in 2011. Further, they indicated that Mr. Bowen has secured new employment that should increase their income. Debtors indicated that if they are denied a loan modification, they believe that they can cure the post-petition arrearage with this increased income.

11.     While counsel for U.S. Bank was present at the hearing, there was no representative of U.S Bank present to refute Debtors' statements that they had not applied for a loan modification in 2011.

**CONCLUSIONS OF LAW**

U.S Bank seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) & (2).[2] Section 362(d)(1) provides for the lifting of the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." Section 362(d)(2) provides that relief may be granted if the debtor does not have equity in the property, and the property is not necessary to an effective reorganization. A decision to lift the automatic stay "is within the discretion of the bankruptcy judge." Robbins v. Robbins (In re Robbins), 964 F.2d 342, 345 (4th Cir. 1992). U.S. Bank asserts that relief should be granted for Debtor's failure to make post-petition ongoing payments to it and because there is no equity in Debtors' residence.

*Relief from Stay under § 362(d)(1)*

"Cause" to lift the automatic stay is not defined under the Bankruptcy Code and is determined on a case-by-case basis. Id. The initial burden of proof is on the party seeking relief to prove that cause exists for relief. In re Davis, C/A No. 10-02249-JW, slip op. at 4 (Bankr. D.S.C. Oct. 12, 2010). Upon a showing of cause, the burden shifts to the debtor to demonstrate a lack of cause and the existence of adequate protection. Id. In determining if cause exists to lift the stay, courts "should first weigh the equities by conducting a fact-specific analysis of the circumstances surrounding the default." AmeriCredit Fin. Servs., Inc. v. Nichols (In re Nichols), 440 F.3d 850, 856 (6th Cir. 2006). While the failure to make payments to a creditor can contribute to a finding of cause under § 362(d)(1), this Court has considered several other relevant factors to determine if

---

[2]     Subsequent references to the Bankruptcy Code (11 U.S.C. § 101, *et al.*) will be by section number only.

the stay should be lifted, including whether the debtor has experienced circumstances beyond the debtor's control; whether the debtor has evidence that it can cure the missed payments in a reasonable amount of time, whether the debtor has equity in the property, as well as any other relevant factor. See, e.g., In re Toomer, C/A No. 10-07273-jw, slip op. (Bankr. D.S.C. Oct. 4, 2011); In re Mitchum, C/A No. 10-06986-JW, slip op. (Bankr. D.S.C. Oct. 20, 2011), In re Burns, C/A No. 15-01927-jw, slip op. (Bankr. D.S.C. Sep. 9, 2015).

In the present matter, Debtors have expressed a desire to cure the missed post-petition payments. Specifically, they seek to be reviewed for a loan modification (which would deem them contractually current), and if that fails, cure the missed payments through a conduit plan that is funded by the increased revenue from Mr. Bowen's new employment. Further, Debtors have significant equity over U.S. Bank's Mortgage lien, which adequately protects U.S. Bank's interest both now and when Debtors attempt to cure the post-petition arrearage. For these reasons, the Court finds that U.S. Bank has not established cause under § 362(d)(1) to lift the automatic stay at this time. Rather, the Court finds it is appropriate to condition the automatic stay in the following manner:

- The parties shall continue to review Debtors for LM/MM under the undersigned's LM/MM program provided in Chambers Guidelines.
- If Debtors are denied LM/MM after a review of all available options of loss mitigation and any appeals thereto, U.S. Bank may file an Affidavit of Default and Request for Further 362 Hearing, and the Court will hold a definite hearing to consider whether relief from the stay should be granted as well as any of Debtors' proposals to cure the post-petition arrearage.

*Relief from Stay under § 362(d)(2)*

In the present matter, Debtors' residence appears to be necessary to their effective reorganization. Debtors' case has a reasonable possibility of succeeding as they have completed nearly four years of payments to the Trustee on their Confirmed Plan, and propose further payments made possible by Mr. Bowen's new employment. For these reasons, the Court denies U.S. Bank's request for relief under § 362(d)(2) and conditions the lifting of the automatic stay as previously indicated in this Order.

## CONCLUSION

Based on the foregoing reasons, the Court hereby denies the Motion and conditions the automatic stay as outlined under the terms of this Order.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
August 18, 2017

**FILED BY THE COURT**
**08/18/2017**



Entered: 08/18/2017

*John E Waites*

US Bankruptcy Judge
District of South Carolina